[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 20, 2010
JOHN LEY
CLERK

No. 10-12770
Non-Argument Calendar

_____

D.C. Docket No. 2:02-cr-00406-JHH-PWG-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KELVIN PRINCE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(October 20, 2010)

Before BARKETT, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Kelvin Prince appeals his 24-month above-guideline sentence imposed following revocation of his supervised release. On appeal, Prince argues that his

sentence is unreasonable because the district court erred in disregarding the Chapter Seven Guideline range and in not considering the § 3553(a) factors. After thorough review, we affirm.

We review the district court's ultimate sentence imposed upon revocation of supervised release for reasonableness. United States v. Sweeting, 437 F.3d 1105, 1106-07 (11th Cir. 2006).

In reviewing sentences for reasonableness, we perform two steps. United States v. Pugh, 515 F.3d 1179, 1190 (11th Cir. 2008). First, we must "'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence -- including an explanation for any deviation from the Guidelines range.'" Id. (quoting Gall v. United States, 552 U.S. 38, 51 (2007)).[1] The district court need not discuss each § 3553(a) factor. United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005).

---

[1] Under 18 U.S.C.A. § 3583(e), a district court may consider the following § 3553(a) factors in revoking a term of supervised release: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to afford adequate deterrence; (3) the need to protect the public; (4) the need to provide the defendant with educational or vocational training or medical care; (5) the Sentencing Guidelines range; (6) the pertinent policy statements of the Sentencing Commission; (7) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), and (a)(4)-(a)(7).

Rather, "[t]he sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." Rita v. United States, 551 U.S. 338, 356. (2007)

If we conclude that the district court did not procedurally err, we must consider the "'substantive reasonableness of the sentence imposed under an abuse-of-discretion standard,'" based on the "'totality of the circumstances.'" Pugh, 515 F.3d at 1190 (quoting Gall, 552 U.S. at 51). This review is "deferential," requiring us to determine "whether the sentence imposed by the district court fails to achieve the purposes of sentencing as stated in section 3553(a)." Talley, 431 F.3d at 788. "The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court, and we will not substitute our judgment in weighing the relevant factors." United States v. Amedeo, 487 F.3d 823, 832 (11th Cir. 2007) (internal quotation and brackets omitted). We will remand for resentencing only if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." Pugh, 515 F.3d at 1191 (citation and internal quotation omitted). The burden is on

the defendant to show that the sentence was unreasonable in light of the record and the § 3553(a) factors. Talley, 431 F.3d at 788.

Prince has not established that his sentence is procedurally or substantively unreasonable. As the record shows, the district court correctly calculated Prince's Chapter 7 sentencing range as 8 to 14 months' imprisonment, which Prince does not dispute on appeal, based on his original sentencing criminal history category of VI and a Grade C supervised release violation. See U.S.S.G. §§ 7B1.1(a)(3), 7B1.4(a) (table). Prince's 24-month sentence did not exceed the 24-month statutory maximum for his underlying Class C felony. See 18 U.S.C. §§ 922(g)(1), 3583(e)(3). Although Prince's sentence exceeded the advisory sentencing range set out in the Chapter 7 policy statements, the district court was not required to sentence Prince within that range. See United States v. Silva, 443 F.3d 795, 799 (11th Cir. 2006) (explaining that the recommended ranges are advisory and that the court, while required to consider the ranges, is not bound by them). Here, the district court expressly considered the advisory guideline range when it noted that a guideline sentence was not an appropriate sentence.

Further, the court explicitly said that it had considered the § 3553(a) factors. Specifically, the court considered Prince's "very disturbing criminal history," which reflected Prince's history and characteristics as well as the need to protect the public

4

from further crimes from him.  <u>See</u> 18 U.S.C. § 3553(a)(1), (a)(2)(C).  In addition, the district court hoped that this 24-month sentence would get Prince's "attention," which would deter Prince from committing criminal acts in the future.  <u>See</u> 18 U.S.C. § 3553(a)(2)(B).

Finally, nothing in the record suggests that the district court impermissibly considered the alleged violent robbery and burglary contained in the original revocation petition.  For starters, the allegation was deleted from the revocation petition.  Moreover, the district court did not discuss this allegation before revoking Prince's supervised release or imposing sentence.

Because Prince has not established that the district court abused its discretion in imposing his 24-month above-guideline sentence, we affirm.

**AFFIRMED.**